**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

|  |  |  |
|---|---|---|
| **McGill Smith Punshon, Inc.** | : | **CASE NO.** |
| 3700 Park 42 Drive | : | **Judge** _____ |
| Suite 190B |  |  |
| Cincinnati, Ohio 45241 | : |  |
|  |  |  |
| Plaintiff | : |  |
|  |  |  |
| v. | : |  |
|  |  |  |
| **Fireblocks, LLC** | : |  |
| 124 East Third Street |  |  |
| Suite 400 | : | **COMPLAINT** |
| Dayton, Ohio 45402 |  |  |
|  | : |  |
| Serve Also: |  |  |
| Scott Gibson, | : |  |
| Registered Agent |  |  |
| 124 East Third Street | : |  |
| Suite 400 |  |  |
| Dayton, Ohio 45402 | : |  |
|  |  |  |
| and | : |  |
|  |  |  |
| **100 East Third Street, LLC** | : |  |
| 124 East Third Street |  |  |
| Suite 400 | : |  |
| Dayton, Ohio 45402 |  |  |
|  | : |  |
| Serve Also: |  |  |
| Charles R. Griffith, | : |  |
| Registered Agent |  |  |
| 522 N. State Street | : |  |
| Westerville, Ohio 43082 |  |  |
|  | : |  |
| and |  |  |
|  | : |  |
| **115 E. Third, LLC** |  |  |
| 124 East Third Street | : |  |
| Suite 400 |  |  |
| Dayton, Ohio 45402 | : |  |

| | |
|---|---|
| Serve Also: | : |
| Charles R. Griffith, | |
| Registered Agent | : |
| 522 N. State Street | |
| Westerville, Ohio 43082 | : |
| | |
| and | : |
| | |
| **Windsor Construction Services, LLC** | : |
| 6660 Doubletree Avenue | |
| Suite 8 | : |
| Columbus, Ohio 43229 | |
| | : |
| Serve Also: | |
| Charles R. Griffith, | : |
| Registered Agent | |
| 522 N. State Street | : |
| Westerville, Ohio 43082 | |
| | : |
| and | |
| | : |
| **Nicholas Kinney** | |
| 111 E Blenkner Street | : |
| Columbus, Ohio 43206-1116 | |
| | : |
| and | |
| | : |
| **John Does 1-20** | |
| | : |
| and | |
| | : |
| **Jane Does 1-20** | |
| | : |
| and | |
| | : |
| **Doe Entities 1-20** | |
| | : |
| Defendants. | |
| | : |

Plaintiff McGill Smith Punshon, Inc. states the following for its Complaint:

2

## PARTIES

1. Plaintiff McGill Smith Punshon, Inc. ("MSP"), is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 3700 Park 42 Drive, Suite 190B, Cincinnati, Hamilton County, Ohio.

2. MSP asserts, upon information and belief, that Defendant Fireblocks, LLC ("Fireblocks") is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 124 East Third Street, Suite 400, Dayton, Montgomery County, Ohio.

3. MSP asserts, upon information and belief, that Defendant 100 East Third Street, LLC ("100 East Third") is a limited liability company organized under the laws of the State of Oklahoma, with its principal place of business located at 124 East Third Street, Suite 400, Dayton, Montgomery County, Ohio.

4. MSP asserts, upon information and belief, Defendant 115 E. Third, LLC ("115 E. Third") is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 124 East Third Street, Suite 400, Dayton, Montgomery County, Ohio.

5. MSP asserts, upon information and belief, Defendant Windsor Construction Services, LLC ("Windsor") is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 6660 Doubletree Avenue, Suite 8, Columbus, Franklin County, Ohio.

6. MSP asserts, upon information and belief, Defendant Nicholas Kinney ("Kinney") is an individual who resides at 111 E. Blenkner St., Columbus, Franklin County, Ohio and is a citizen of Ohio.

7. MSP is unaware of the true names and capacities of the defendants named herein as John Does 1-20, Jane Does 1-20, and Doe Entities 1-20 inclusive (hereinafter referred to collectively as the "Doe Defendants"). On information and belief, the Doe Defendants participated in and are responsible for the conduct alleged herein, and the Doe Defendants' acts and omissions proximately caused MSP's damages as alleged herein. MSP will seek to amend this Complaint if and when the true names, capacities, and responsibilities of such Doe Defendants are ascertained, through discovery or otherwise.

## JURSIDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to federal questions raised under 28 U.S.C. §§ 1331 and 1338, and 17 U.S.C. §§ 501, *et seq.* The federal statutes implicated in this action include the Federal Copyright Revision Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.*

9. This Court also has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) over the pendent state law claims arising under Ohio state law because those claims form part of the same case or controversy as the federal claims.

10. This Court has, upon information and belief, personal jurisdiction over each of the defendants as each of the known defendants either resides in, is registered in, or has its principal place of business located in the State of Ohio.

11. Venue is appropriate under 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND

12. MSP has been in business in Ohio since 1856 and provides architecture, engineering, landscape architecture, planning, and surveying services.

13. On or about February 7, 2017, Fireblocks and MSP entered into an AIA B121-2014 Standard Form of Master Agreement Between Owner and Architect ("the Master Agreement," a true and accurate copy of which is attached hereto as Exhibit A).

14. The Master Agreement provides, *inter alia*:

> There will be multiple projects and varying scopes of services provided under this Master Agreement. Each Project will be defined in a separate AIA Document B221 Service Order.

(*See* Exhibit A, at p. 1).

15. In accordance with the terms of the Master Agreement, MSP entered into AIA B221-2014 Service Orders for architectural services.

16. More specifically, MSP entered into the following B221 Service Orders under the Master Agreement:

   a. The February 7, 2017 B221 Service Order with defendant 115 E. Third, under which MSP was to provide schematic design services for a project known as the "Huffman Building Renovations" located at 111-129 East Third Street in Dayton, Ohio, in exchange for payment of $112,500.00 (A true and accurate copy of this Service Order is attached hereto as Exhibit B);

   b. The September 20, 2017 B221 Service Order with defendant 115 E. Third under which MSP was to provide construction documents and construction administration services for the Huffman Building Renovations project in exchange for payment of $595,000.00 (A true and accurate copy of this Service Order is attached hereto as Exhibit C);

5

    c. The April 25, 2017 B221 Service Order with defendant 100 East Third under which MSP was to provide schematic design services for a project known as the "Elks Building Renovations" located at 100 East Third Street in Dayton, Ohio in exchange for the payment of $107,500.00 (A true and accurate copy of this Service Order is attached hereto as Exhibit D); and

    d. The September 20, 2017 B221 Service Order with defendant 100 East Third under which MSP was to provide construction documents and construction administration services for the Elks Building Renovations project in exchange for payment of $330,000.00 (A true and accurate copy of this Service Order is attached hereto as Exhibit E) (Exhibits B-E will be collectively referred to as "the Service Orders" and the Huffman Building Renovations and Elks Building Renovations will be collectively referred to as "the Projects").

17. MSP provided architectural services, including the creation of architectural drawings, plans, and specifications, in accordance with the terms of the Master Agreement and Service Orders.

18. In furtherance of MSP's obligations under the Master Agreement and Service Orders, MSP created construction and design documents for the Projects which it conveyed to Fireblocks, 115 E. Third, and 100 East Third via the Instruments of Service ("IOS") in accordance with the terms of the Master Agreement and Service Orders.

19. The IOS architectural drawings, plans, specifications, and design documents ("the IOS Works") are original works of authorship and constitute

6

copyrightable subject matter under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

20. MSP possesses the exclusive rights to the IOS Works as described in 17 U.S.C. § 106 with respect to such copyrights.

21. MSP has submitted the IOS Works to the U.S. Copyright Office for registration.

22. The Master Agreement provides the following language relating to the use of the IOS Works and any copyrighted information:

ARTICLE 6 COPYRIGHTS AND LICENSES

§ 6.1 The Architect and the Owner warrant that in transmitting Instruments of Service, or any other information, the transmitting party is the copyright owner of such information or has permission from the copyright owner to transmit such information for its use in relation to a Service Agreement. . . .

§ 6.2 The Architect and the Architect's consultants shall be deemed the authors and owners of their respective Instruments of Service, including the Drawings and Specifications, and shall retain all common law, statutory and other reserved rights, including copyrights. . . .

§ 6.3 Upon execution of each Service Order, the Architect grants the Owner a nonexclusive license to use the Architect's Instruments of Service solely and exclusively for purposes of constructing, using, maintaining, altering and adding to the Project[s], **provided that the Owner substantially performs its obligations, <u>including prompt payment of all sums when due, under the Service Agreement[s]</u>**. . . .

§ 6.4 Except for the licenses in this Article 6, no other license or right shall be deemed granted or implied under this Master Agreement. **The Owner shall not assign, delegate, sublicense, pledge or otherwise transfer any license granted herein to another party** without the prior written agreement of the Architect. Any unauthorized use of the Instruments of Service shall be at the Owner's sole risk and without liability to the Architect and the Architect's consultants.

(*See* Exhibit A, at p. 5; Emphasis added).

23. MSP regularly invoiced Fireblocks, 115 E. Third, and 100 East Third for the services it provided ("the Invoices," true and accurate copies of which are attached hereto as Exhibit F), and at no time have these defendants ever challenged the Invoices for their accuracy or veracity.

24. MSP asserts, upon information and belief, each of the named defendants in this case have arranged, contracted and/or subcontracted with Fireblocks, 115 E. Third, and/or 100 East Third, or the principals and/or agents thereof, to continue the construction of the Projects using and/or copying and/or modifying MSP's IOS Works.

25. Each named defendant in this case has continued to copy/use/infringe upon MSP's copyrights in the IOS Works since June of 2018, and have profited thereby.

## COUNT ONE: COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501

26. MSP restates the preceding 25 paragraphs as if fully set forth herein.

27. MSP is the owner and has the exclusive copyright in the IOS Works.

28. MSP asserts, upon information and belief, that since at least June of 2018, each and every one of the named defendants has distorted, modified and/or copied, with and without attribution to MSP, and otherwise infringed upon MSP's copyrights for the purpose of completing the construction at the Projects.

29. Defendants knew their acts constituted copyright infringement and are liable for copyright infringement pursuant to 17 U.S.C. § 501.

30. As a direct and proximate result of defendants' copyright infringement, MSP has suffered, and will continue to suffer monetary loss. MSP is entitled to recover damages, including its losses and any and all profits defendants have made as a result

of the copyright infringement pursuant to 17 U.S.C. § 504(b). Alternatively, MSP is entitled to recover statutory damages per 17 U.S.C. § 504(c). MSP should be awarded its attorney's fees and costs pursuant to 17 U.S.C. § 505.

31. Further, per 17 U.S.C. § 502, MSP is entitled to preliminary and permanent injunctions enjoining each defendant from any further infringement of the copyrights in the IOS Works.

## COUNT TWO: BREACH OF CONTRACT

32. MSP restates the preceding 31 paragraphs as if fully set forth herein.

33. MSP, Fireblocks, 115 E. Third, and 100 East Third were parties to the aforementioned Master Agreement and Service Orders. Section 6.4 of the Master Agreement provides in relevant part:

> § 6.4 Except for the licenses in this Article 6, no other license or right shall be deemed granted or implied under this Master Agreement. **The Owner shall not assign, delegate, sublicense, pledge or otherwise transfer any license granted herein to another party** without the prior written agreement of the Architect. Any unauthorized use of the Instruments of Service shall be at the Owner's sole risk and without liability to the Architect and the Architect's consultants.

34. Defendants Fireblocks, 115 E. Third, and 100 East Third have breached their obligations under the foregoing provision of the Master Agreement and Service Orders by copying the IOS Works, and by providing the IOS Works to defendants Windsor and Kinney, all without MSP's permission.

35. Section 9.6.1 of the Master Agreement provides the following:

> Unless otherwise agreed, payments for services provided pursuant to a Service Agreement shall be made monthly in proportion to services performed. Payments are due and payable upon presentation of the Architect's invoice. Amounts unpaid Thirty (30) days after the invoice date shall bear interest at [1.5% per month] . . .

(*See* Exhibit A, at p. 9).

36. MSP submitted timely and accurate invoices with repeated requests for payment of same.

37. MSP performed under the Master Agreement and Service Orders and subsequently invoiced Fireblocks, 115 E. Third, and 100 East Third for the services rendered, as provided in the Master Agreement.

38. Fireblocks, 115 E. Third, and 100 East Third materially breached the Master Agreement and Service Orders with MSP, by not paying as agreed.

39. As a direct and proximate result of defendants' material breach, MSP has incurred:

   a. Damages in the amount of $214,428.83 in unpaid invoices from the Elks Building Renovations project;

   b. Damages in the amount of $305,327.10 in unpaid invoices for services performed on the Huffman Building Renovations project;

   c. Interest on these amounts at the 1.5% per month rate provided in the Master Agreement;

   d. Attorney's fees and costs; and

   e. Other damages provided in the Master Agreement.

## COUNT THREE: UNJUST ENRICHMENT

40. MSP restates the preceding 39 paragraphs as if fully set forth herein.

41. MSP conferred a benefit upon defendants when it provided architectural services and the IOS Works for the Projects.

42. MSP did not provide the services or the IOS Works gratuitously.

43. Defendants retained the benefit provided by MSP but have failed to fully pay for the services provided.

44. It would be unjust for defendants to be allowed to retain the benefit provided by MSP without compensation for it.

45. The total unpaid value of the services provided by MSP and retained by defendants is $519,755.93, plus interest, and MSP has suffered damages in an amount no less than $519,755.93.

## COUNT FOUR: CONVERSION

46. MSP restates the preceding 45 paragraphs as if fully set forth herein.

47. By continuing to use MSP's IOS Works without a license to do so, after termination of the Master Agreement and Service Orders defendants have appropriated MSP's property for their own use and benefit, and exercised dominion over it to the exclusion of the rights of the lawful owner, MSP.

48. MSP has put defendants on notice of their wrongful appropriation and has demanded the return of its property, but defendants have failed to return the property to MSP.

49. MSP is entitled to damages for the conversion of its property.

**WHEREFORE**, Plaintiff MSP respectfully requests the following relief:

    a. Judgment on Count One against all defendants, jointly and severally, in an amount to be determined at trial, including but not limited to losses and any and all profits defendants have made as a result of the copyright infringement pursuant to 17 U.S.C. § 504(b); statutory damages per 17 U.S.C. § 504(c); and attorney's fees and costs of suit pursuant to 17

U.S.C. § 505. Further, per 17 U.S.C. § 502, MSP is entitled to preliminary and permanent injunctions enjoining each and every defendant from any further infringement of MSP's copyrights;

b. Judgment on Count Two against defendants Fireblocks, 115 E. Third, and 110 East Third, jointly and severally, in the amount of $519,755.93, plus contractual interest and attorney's fees;

c. Judgment on Count Three against all defendants, joint and severally, in the amount of $519,755.93, plus interest;

d. Judgment on Count Four against all defendants, jointly and severally, in an amount to be determined at trial; and

e. Any such other relief the Court finds just and equitable.


Respectfully submitted,

 /s/ Kevin R. Feazell
Kevin R. Feazell (#0059634)
Alison M. Huenefeld (#0091253)
Cors & Bassett, LLC
201 East Fifth Street, Suite 900
Cincinnati, OH 45202
(513) 852-2582 - telephone
(513) 852-8222 – facsimile
krf@corsbassett.com
amh@corsbassett.com

Trial Attorneys for Plaintiff
McGill Smith Punshon, Inc.